UNITED WIRELESS TELEGRAPH CO. et al. v. NATIONAL ELECTRIC SIGNALING CO.

(Circuit Court of Appeals, First Circuit.   September 10, 1912.)

No. 953.

On petition by appellee for rehearing.   Denied.

For former opinion, see 198 Fed. 386.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

PER CURIAM.   On a careful consideration of the complainant's petition for a rehearing, we find nothing which leads us to think that we have in any respect misunderstood the contentions of the complainant as to the invention disclosed in the Fessenden patent, No. 706,736.   Neither have we failed to understand or to recognize in the opinion the difference between the mode in which the received energy was used by Lodge and Marconi and the mode of use described in the Fessenden patent.

The elaborate discussion by the petitioner of the propriety of the use of the terms "voltage" and "current" is largely a question of terms, and of the propriety or sufficiency of certain expressions to mark a difference, which is sufficiently stated in the opinion.   The petition for a rehearing discloses nothing which indicates any mistake of fact or any misunderstanding of complainant's contentions that at all affects our principal finding that the complainant's various descriptions of Fessenden's invention are unsound abstractions, in this:   That they omit Fessenden's principle of operation.

The principal tests of infringements which the complainant proposes are not fair descriptions of Fessenden's invention as described in the patent.   Fessenden is not entitled to a patent upon abstractions which do not conform to the invention which is set forth in the specification.

The contention that Fessenden, upon any showing made by the complainant in this case, should be entitled to cover the principle of using the received energy itself to produce motion that may be observed in any way whatever is contrary to that long line of decisions which hold that an inventor cannot block the path of improvement merely by ingenuity in framing claims which, in the broadest abstract terms, cover all foreseen possibilities of improvement, but do not fairly represent an invention already made.

As no judge who concurred in this opinion desires a rehearing, the petition for rehearing is denied.